E. GRADY JOLLY, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s conclusion that counsel’s representation of the petitioner in this case did not constitute Strickland error. In my view, the merit of this habeas claim is told by the undisputed facts that a petty dope dealer and drug addict stood trial for a relatively smalltime drug-related crime[1] that, as charged, earned with it a mandatory life sentence. Yet counsel made no effort to work out a compromised plea agreement, and counsel hardly lifted a finger in her defense at trial.
In my view, this case presents one of the more shameful pictures of legal representation that I have reviewed as a judge. Notwithstanding that his client was charged with the crime that, if convicted, would send her automatically to the penitentiary with a life sentence, counsel never had a serious conference with Jones to discuss her trial testimony nor other trial issues. He abdicated his responsibility to conduct any sort of investigation into the facts surrounding her arrest, including obtaining any information on the confidential informant. Counsel did not request any assistance from the investigators at the Indigent Defender Board. He wholly failed to structure any sort of coherent theory of defense. Although defending the case was made extraordinarily difficult by the solid case that the state had against Jones, a minimum amount of thought and energy would have at least presented a more intelligible and appealing defense for the petitioner than the totally botched ease that the jury heard. Moreover, Jones’s attorney basically handed her head to the prosecutor on a silver platter, when he allowed her to testify without-having (1) advised her of her right not to do so; (2) advised her as to whether, in his legal opinion, she should do so; and (3) discussed with her how her testimony would impact her defense. Under these circumstances, Jones’s testimony was so disastrous that there is little wonder that the jury reached the verdict it did.
It seems to me that, under the facts found by the conscientious district judge in her extensive opinion, Jones v. Jones, 988 F.Supp. 1000 (E.D.La.1997), it is impossible *308 objectively not to conclude that there is a reasonable probability that the outcome of this proceeding would have been different— whether by a plea bargain or a lesser conviction. This reasonable probability of a different outcome is virtually dictated by the inability of the trial court initially to seat a jury for the trial of this case, for the reason that the first venire of jurors (39 out of 45) were “unwilling to impose the consequences of a guilty as charged verdict.” After the failure to seat a jury occurred, the time surely was propitious for a successful plea agreement, especially in view of the relatively smalltime drug offense and the fact that Jones had no prior arrests nor convictions for heroin distribution. Yet again, Jones’s attorney sat on his hands. If, at that moment, she had been represented by a minimally effective attorney, the result in the case — Jones’s conviction for a crime carrying a mandatory life sentence — surely would have been different.
The majority opinion has indeed examined in great detail each tree in the forest of this travesty. But in giving such great detail to each tree, the view of the forest — that this petitioner was doomed to a mandatory life sentence conviction only and solely because of a completely ineffective counsel — is somehow lost on the majority. That is regrettable.
I respectfully dissent.

. All drug-related crimes are serious crimes. We see everyday, however, crimes more egregious than the present case involving monumental amounts of drugs where the defendants are exposed to far less penalties than the petitioner was here.